974 F.2d 1346
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Manuel Fred BIRNER, Defendant-Appellant.
 No. 92-2028.
 United States Court of Appeals, Tenth Circuit.
 Aug. 25, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Birner was convicted of two criminal charges: The first was possession of an unregistered sawed-off Remington shotgun in violation of 26 U.S.C. § 5681(d) which makes it a crime to possess certain types of unregistered firearms; the second was possession of a sawed-off Stevens shotgun which had no serial number in violation of 26 U.S.C. § 5861(i). Mr. Birner raises a single issue on appeal by asserting the trial court should have instructed the jury they could not convict unless the prosecution proved Mr. Birner knew that possession of the weapon was illegal. We reject Mr. Birner's contention and affirm the convictions.
 
 
 3
 The trial court instructed that the government had to prove beyond a reasonable doubt: (1) the defendant knew he had a gun in his possession; (2) the weapon was made from a shotgun having an overall length of less than twenty-six inches or a barrel length of less than eighteen inches; (3) defendant knew the gun had been modified; (4) the gun was in operating condition; and (5) the Remington shotgun was not registered to defendant (under Count I) and the Stevens shotgun was not identified by a serial number (under Count II).
 
 
 4
 Mr. Birner requested specific intent instructions, i.e., the United States had to prove Mr. Birner knew the shotgun had to be registered (Count I) and that Mr. Birner knew the Stevens shotgun had to bear a serial number (Count II). However, the trial court denied that request.
 
 
 5
 United States v. Mittleider, 835 F.2d 769 (10th Cir.1987), cert. denied, 485 U.S. 980 (1988), is dispositive. There, in discussing the same statute, we held the offenses were not specific intent crimes and the government was not required to prove that possession of the weapon was against the law. Id. at 774; see also United States v. Freed, 401 U.S. 601, 607 (1971).
 
 
 6
 Mr. Birner asks that we read the mens rea element into these offenses. This we are not free to do. Controlling Tenth Circuit authority exists. Mr. Birner asks us to adopt United States v. Anderson, 885 F.2d 1248 (5th Cir.1989). The court in Anderson did not hold the government must prove defendant knew the firearm had to be registered; rather, it held the government must prove defendant knew the firearm had been modified, id. at 1253, which is precisely how the trial court instructed in this case.
 
 
 7
 There was no error in the instructions. The judgment of the trial court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3